UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSETTE A. KHAYAT,<br><br>    Plaintiff,<br><br>    v.<br><br>FBI, *et al.*,<br><br>    Defendants. | Case No.  2:22-cv-01758-DJC-JDP (PS)<br><br>ORDER TO SHOW CAUSE |

    In October 2022, plaintiff commenced this action against the Federal Bureau of Investigation and Joelle K. Peele, the "Head of Attorney at the FBI," and paid the required filing fee.  To date, neither defendant has appeared, and plaintiff has not filed proofs of service demonstrating that defendants were properly served.  *See* Fed. R. Civ. P. 4(l).

    Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Although pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that

1    govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987)
2    (holding that ignorance of service requirements does not constitute "good cause" for failure to
3    timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or
4    herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these
5    Rules, and all other applicable law.").  Accordingly, plaintiff will be ordered to show cause why
6    this action should not be dismissed for failure to timely serve defendants.

7    Plaintiff has also filed a motion requesting sole assignment to Judge Mueller.  ECF No. 5.
8    Plaintiff does not have the right to select a judge to preside over her case.  Furthermore, this
9    matter has been properly referred to me pursuant to the court's local rules.  *See* E.D. Cal. L.R.
10   230(c)(21) (referring all actions in which all the plaintiffs or defendants are proceeding *in propria*
11   *persona* to the assigned magistrate judge).

12   Accordingly, it is hereby ORDERED that:

13   1. Plaintiff shall show cause within fourteen days from the date of this order why this
14   action should not be dismissed for failure to effect service of process within the time prescribed
15   by Rule 4(m).

16   2. Plaintiff is warned that failure to respond to this order will result in a recommendation
17   that this action be dismissed without prejudice for failure to effect services of process.

18   3. Plaintiff's motion for reassignment, ECF No. 5, is denied.

IT IS SO ORDERED.

Dated:   June 10, 2023                                 _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

2